Ms. Janet Troutman Ward Pulaski County Assessor 201 S. Broadway, Ste. 310 Little Rock, AR 72201
Dear Ms. Ward:
I am writing in response to your request for my opinion regarding your proposed release of certain records under the Freedom of Information Act (FOIA), A.C.A. § 25-19-101 et seq. Specifically, you report having received a request for "copies of all leave sheets and time sheets from July 1, 2002 to August 9, 2002 for all employees in the Reappraisal Department of the Assessor's Office." You report that a number of employees have objected to the release of these records. As custodian and on behalf of the objecting employees, you have asked me to review, pursuant to A.C.A. § 25-19-105(c)(3)(B), your provisional determination that the FOIA dictates your disclosing the records. Subject to the conditions discussed below, I agree with your conclusion that such records are subject to disclosure.
Under the FOIA, "personnel records" must be released unless the release of such records would constitute a "clearly unwarranted invasion of personal privacy." A.C.A. § 25-19-105(b)(12). The FOIA does not define the term "personnel records." Whether a particular record constitutes a "personnel record" within the meaning of the FOIA is, of course, a question of fact that can only be determined upon a review of the record itself. However, this office has consistently taken the position that "personnel records" are all records, other than employee evaluation/job performance records, that pertain to individual employees, former employees or job applicants. See, e.g., Ark. Op. Att'y Gen. No. 99-147, citing Watkins, The Arkansas Freedom of Information Act (m m Press, 3rd ed. 1998), at 134.
As noted above, if the requested records in fact qualify as "personnel records," the question becomes whether their release would constitute a clearly unwarranted invasion of the personal privacy of the employee. The FOIA does not define the phrase "clearly unwarranted invasion of personal privacy." However, the Arkansas Supreme Court has construed the phrase, adopting a balancing test that weighs the interest of the public in accessing the records against the individual's interest in keeping them private. See Young v. Rice, 308 Ark. 593, 826 S.W.2d 252 (1992). If the public's interest outweighs the individual's interest, the release of the records will not constitute a "clearly unwarranted invasion of personal privacy."
Determining whether a "clearly unwarranted invasion of privacy" exists with respect to any particular individual is a task that you, as custodian of the records, must undertake. See Ark. Ops. Att'y Gen. Nos.2002-150 and 2001-101. However, I will note that the courts have found relatively little privacy interest in such matters as salary records, employee contracts, names, dates and places of birth, training or education background, and work experience. See, e.g., Kruzon v.Department of Health Human Services, 649 F.2d 65 (1st Cir. 1981);Simpson v. Vance, 648 F.2d 10 (D.C. Cir. 1980). Applying these rulings, I have recently opined that "there would be little privacy interest in time records/sheets." Ark. Op. Att'y Gen. No. 2002-150. I have the same opinion regarding the leave sheets and time sheets at issue in your request. I further opined that the request was not unduly vague merely because it requested information concerning identifiable categories of employees rather than specific individuals. I have the same opinion regarding the request directed to you, since the employees of the Reappraisal Department during the recited time period should be readily identifiable.
Because you have not supplied me with copies of the leave sheets and time sheets at issue, I cannot determine whether they might contain specific information that is protected from disclosure under any of various other exemptions. If the documents contain such information, you should redact it prior to disclosure. For example, you should redact any social security numbers contained in the documents. See, e.g., Op. Att'y Gen. No. 99-011, citing 5 U.S.C. § 552a (the "Federal Privacy Act"). You should likewise redact unlisted telephone numbers. See, e.g., Op. Att'y Gen. No. 99-054. More generally, if the facts indicate that a particular individual has a heightened privacy interest, you should redact the home address and listed telephone number. See Stilley v. McBride,332 Ark. 306, 965 S.W.2d 125 (1998); Ops. Att'y Gen. Nos. 2001-123; 99-054.
Finally, although it appears highly unlikely that this exemption would apply to leave sheets and time sheets, you should be aware that otherwise releasable records may be withheld if they contain information in which an individual has a constitutional privacy interest. The Arkansas Supreme Court has recognized that the constitutional right of privacy can supersede the specific disclosure requirements of the FOIA, at least with regard to the release of documents containing constitutionally protectable information. See McCambridge v. City of Little Rock,298 Ark. 219, 766 S.W.2d 909 (1989). The McCambridge court held that a constitutional privacy interest applies to matters that: (1) an individual wants to and has kept confidential; (2) can be kept confidential but for the challenged governmental action in disclosing the information; and (3) would be harmful or embarrassing to a reasonable person if disclosed. If you determine factually that any information in the requested records meets the three prongs of test laid out by theMcCambridge court, you must then consider whether the governmental interest in disclosure under the Act (i.e., the public's legitimate interest in the matter) outweighs any privacy interest in their nondisclosure. Again, this determination will be a factual one based upon the available information.
Assistant Attorney General Jack Druff prepared the foregoing, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:JD/cyh